## Rodriguez v. Castaing Et Al.

Apelación procedente de la Corte de Distrito de Ponce.

No. 86.—Resuelto en Octubre 20, 1904.

Cosa Juzgada—Sentencia Consentida.—Dictada sentencia resolviendo definitivamente los derechos de las partes en un juicio, sin que ninguno de los interesados hubiere interpuesto contra ella recurso alguno, queda tal sentencia consentida y pasada en autoridad de cosa juzgada.

Id.—Efectos de la Cosa Juzgada—Requisitos—Identidad de Cosas, Causas, Personas de los Litigantes y su Calidad.—Para que la presunción de *cosa juzgada* surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada. ocurra la más perfecta identidad entre las *cosas,* las *causas,* las *personas* de los litigantes y la *calidad* con que lo fueren.

Id.—Causa-Habientes—Vínculos de Solidaridad—Indivisibilidad de Prestaciones.—A los efectos de la anterior doctrina se entenderá que hay *identidad* de personas siempre que los litigantes del segundo pleito sean *causahabientes* de los que contendieron en el pleito anterior, ó estén unidos á ellos por vínculos de solidaridad, ó por los que establecen la indivisibilidad de las prestaciones entre los que tienen derecho á exigirlas ú obligación de satisfacerlas.

Actos ó Contratos Inscritos—Terceros—Resolución del Derecho del Otorgante.—Los actos ó contratos que se ejecuten ú otorguen por persona

que en el Registro aparezca con derceho para ello, no se invalidarán en cuanto
á tercero, una vez inscritos, aunque después se anule ó resuelva el derecho del
otorgante en virtud de título anterior no inscrito, ó de causas que no resulten
claramente del mismo Registro.

INSCRIPCIÓN DE POSESIÓN—PRESCRIPCIÓN—TÍTULO NO INSCRITO.—La anterior
doctrina no es aplicable á los títulos inscritos con arreglo al art. 390 de la
Ley Hipotecaria, á menos que la prescripción haya convalidado y asegurado el
derecho á que se refiere dicho título, pues este es el único caso que constituye
una excepción al precepto general de que la inscripción de posesión no puede
perjudicar al que tenga mejor derecho á la propiedad del inmueble, aunque
su título no haya sido inscrito.

COSA JUZGADA.—PRESUNCIÓN DE SER CIERTA—SENTENCIA DICTADA EN JUICIO DE
REVISIÓN—RESOLUCIONES QUE CONTRADIGAN, ALTEREN Ó MODIFIQUEN LA COSA
JUZGADA.—Contra la presunción de que la cosa juzgada es verdad, solo será
eficaz la sentencia ganada en juicio de revisión, siendo nulas todas aquellas
resoluciones que contradigan, modifiquen ó alteren lo decidido en una senten-
cia pasada en autoridad de cosa juzgada.

## EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo de mayor cuantia segui-
dos ante el extinguido Tribunal del Distrito de Ponce, entre
partes de la una, como demandante, Doña Amalia Rodriguez
y Matos, viuda de Renovales y de la otra, como demandados,
Doña Francisca Adelaida Castaing y Soto, Don Enrique Cas-
taing y Postveint y Don Mariano Isidoro Clavell, sobre nuli-
dad de sentencia y reivindicación de una finca urbana; autos
pendientes ante Nos á virtud de recurso de casación por in-
fracción de ley, hoy de apelación, interpuesto contra la sen-
tencia pronunciada por el referido Tribunal del Distrito de
Ponce, en veinte y ocho de Noviembre de mil novecientos, por
la demandada Doña Francisca Adelaida Castaing, que ha com-
parecido ante este Tribunal Supremo, representada y defen-
dida por el Abogado Don Manuel F. Rossy, habiendo com-
parecido la demandante y apelada, Doña Amalia Rodriguez
Matos, por conducto de su abogado defensor Don José de Guz-
man Benítez, y no habiendolo verificado los otros demandados,
Don Enrique Castaing y Postveint y Don Mariano Isidoro
Clavell y Hurtado, no obstante haber sido citados y emplaza-
dos en debida forma.

*Resultando* : que por escritura pública otorgada en Ponce ante el Notario Don Francisco Parra, en quince de Julio de mil ochocientos ochenta y dos, los esposos Don Enrique Castaing y Postveint y Doña Teresa Clavell y Hurtado, el primero de cincuenta y cinco años de edad y la segunda de cincuenta y dos, sin hijos, por haber perdido, precisamente en los días próximos á la fecha de dicha escritura, al único que habian procreado durante su matrimonio, adoptaron por hija á una jóven de treinta y dos años de edad, que tenian á su calor desde sus más tiernos años, llamda Doña Francisca Castaing, hija natural de Doña Elena Soto, obligándose á dispensarle en lo sucesivo las mismas atenciones y cuidados que hasta entonces le habian prodigado, y agregando que atendida la edad de la referida jóven, y que habia salido de la patria potestad, debia entenderse arrogación, en vez de adopción, el acto que acababan de realizar y prestando á todo su conformidad la jóven Doña Francisca, que habia concurrido personalmente al otorgamiento de la escritura.

*Resultando* : que Doña Teresa Clavell y Hurtado falleció en Ponce en cinco de Mayo de mil ochocientos noventa y cinco y que por Auto de tres de Noviembre de mil ochocientos noventa y siete, el Juez de 1ª. Instancia de aquella Ciudad declaró intestado el fallecimiento de dicha señora y por su única heredera sin perjuicio de tercero de mejor derecho á su hija adoptiva Doña Francisca Castaing y Soto.

*Resultando* : que en diez y ocho de Enero de mil ochocientos noventa y ocho  Don Felix Crosas y Dalmau, que estaba ya unido en matrimonio con la Doña Francisca Castaing y Soto, en representación de ésta, y por conducto del abogado Don Herminio Díaz Navarro entabló ante el Juez de 1ª. Instancia de Ponce demanda en juicio ordinario de mayor cuantía contra Don Enrique Castaing y Postveint, Don Mariano Isidoro Clavelll y Hurtado y Don Pedro Clausells y Armstrong, vecinos todos de aquella localidad en la que haciendo relación de los antecedentes mencionados, y expresando además que ha-

biendo contraido matrimonio en el año de mil ochocientos cin-
cuenta, sin poder determinar la fecha precisa, los esposos Don
Enrique Castaing y Postveint y Doña Teresa Clavell y Hur-
tado, en mil ochocientos sesenta y cuatro, vigente aún la Socie-
dad conyugal, habia comprado el Don Enrique Castaing á Don
Isidoro Colon y Rivera, un solar de quince metros ochenta y
seis centímetros de frente, por diez y seis metros setenta cen-
tímtros de fondo, con un área superficial de doscientos veinte
y dos metros setecientos setenta y ocho milimetros y ubicada
en él una casa de madera de trece metros treinta y cuatro cen-
tímetros de frente por diez y seis metros setenta centímetros
de fondo, con baño, cocina y letrina y techo de hierro galva-
nizado, que radicaba en el barrio cuarto de dicha Ciudad de
Ponce, calle de la Aurora, marcada con el número cuarto del
Gobierno, y colindando por el Norte con Doña Susana Cerdá
de Renovales, por el Sud con la expresada Calle de la Aurora,
por el Oeste con Don Manuel Becerra y por el Este con la
misma Doña Susana Cerdá; que después del fallecimiento de
la esposa Doña Teresa Clavell ocurrido en cinco de Mayo de
mil ochocientos ochenta y cinco, (debió decir 95) el viudo Don
Enrique Castaing y Postveint habia instruido un expediente
posesorio á su favor de la casa y solar descritos en la demanda,
haciendo en él constar su estado de viudez, así como que habia
obtenido la finca el año de mil ochocientos sesenta y cuatro,
pero sin expresar que era entonces casado, aprobándose el
informativo propuesto por Auto de trece de Enero de mil
ochocientos noventa y seis, sin perjuicio de tercero de mejor
derecho, é inscribiéndose con esta condición al folio 49 del
tomo 85 del Ayuntamiento de aquella Ciudad, inscripción 1ª.;
que en escritura de veinte y cuatro de Febrero de mil ocho-
cientos ochenta y seis, debió decir noventa y seis, otorgada
ante el Notario que fué de aquella Ciudad Don Joaquin Mayo-
ral, vendió Don Enrique Castaing y Postveint, por la suma de
mil pesos, la totalidad de la mencionada casa y solar, y algu-
nos muebles y alhajas, al hermano de su esposa, Don Mariano

Isidoro Clavell y Hurtado, de aquella vecindad, que sabia perfectamente que el Sr. Castaing era casado el año mil ochocientos sesenta y cuatro, cuando adquirió la casa, inscribiéndose dicha escritura en el Registro de la Propiedad; que Don Mariano Clavell vendió la casa y solar antes citados por seiscientos cincuenta pesos á Don Pedro Clausells y Armstrong, de la misma vecindad, con la condición de poder retraerla hasta el treinta y uno de Mayo de mil novecientos y dejándosela el comprador en arrendamiento hasta ese día, por un cánon de ocho pesos cincuenta centavos mensuales, según se hizo constar en la escritura de treinta y uno de Mayo de mil ochocientos noventa y siete, otorgada ante el **Notario** de aquella Ciudad Don Rosendo Matienzo Cintron, inscrita en el Registro de la Propiedad; que con arreglo á los artículos 1401 y 1407 del Código Civil entónces vigente, eran bienes gananciales, entre otros, los adquiridos por título oneroso durante el matrimonio á costa del caudal común, bien se hiciera la adquisición para la comunidad, bien para uno solo de los esposos, reputándose, como tales, todos los bienes de la Sociedad conyugal, en tanto que no se probara lo contrario; que de conformidad con esos preceptos legales, la casa y solar, objeto de la demanda, no podrán reputarse en otra forma sino como bienes gananciales, pertenecientes á los esposos Castaing por partes iguales y de proindivisa; que siendo los herederos la continuación de la personalidad de su causante y comprendiendo la herencia todos los bienes, derechos y obligaciones del difunto, según lo establecian los artículos 659 y 667 del mismo Código Civil, concordantes con la Ley 8ª. Título 33 de la partida 7ª., era indiscutible que al morir Doña Teresa Clavell y Hurtado, habia adquirido su hija adoptiva Doña Francisca Castaing y Soto, como única heredera abintestato de aquélla, el dominio pleno de la mitad proindivisa de dicha casa y solar; que según los principios generales del derecho y los artículos 138 y 139 de la Ley Hipotecaria, solo podian inscribir á su nombre, vender, hipotecar y arrendar, válida-

mente, un inmueble, los que tuvieren su pleno dominio, y por ello era indudable, que Don Enrique Castaing y Postveint no pudo, despues de muerta su esposa, inscribir á su nombre la posesión, ni vender, sin la concurrencia de los herederos de aquélla, la totalidad de la casa y solar litigiosos; que esa venta, por lo tanto, y por el principio general de derecho consignado en el artículo 4°. del Código Civil, era nula en cuanto á la repetida mitad proindivisa, sin que pudiera arguirse que se habia inscrito en el Registro de la Propiedad su totalidad, toda vez que con arreglo al artículo 33 de la Ley Hipotecaria vigente, la inscripción no convalidaba los actos nulos con arreglo á derecho; que siendo nula la venta hecha por el Sr. Castaing al Sr. Clavell, lo era también la de éste al Sr.Clausells, así como el arrendamiento, sin que estuvieran comprendidos esos contratos en la excepción determinada por el artículo 34 de la Ley Hipotecaria, por cuanto en el Registro constaba que la posesión de la casa y solar inscritos á nombre del Sr. Castaing, lo estaba sin perjuicio de tercero de mejor derecho, y al contratar el Sr. Clavell con el Sr. Castaing y el Sr. Clausells con el Sr. Clavell, hiciéronlo é inscribieron su contrato bajo aquella condición; por cuyos fundamentos y ejercitando la acción mixta que á la demandante competía, concluyó suplicando se le admitiera la demanda que formulaba en juicio declarativo de mayor cuantía contra Don Enrique Castaing y Postveint, Don Mariano Isidoro Clavell y Hurtado y Don Pedro Clausells y Armstrong, dándoseles traslado de la misma con emplazamiento, para que comparecieran á contestarla; y que en su dia, si dichos Señores, por lo que correspondia á cada uno, no se allanasen á la demanda, se declararan nulos el expediente posesorio, los contratos de compraventa y de arrendamiento, las escrituras públicas en que constaban, y sus inscripciones en el Registro de la Propiedad, en lo que se referia á la mitad proindivisa de la casa y solar y de los muebles y joyas que se expresaban en la demanda, or-

denándose que en cuanto á esa parte se cancélaran las referidas inscripciones, y se dejara libre de gravámenes y expedita á la disposición de la demandante Doña Francisca Castaing y Soto, con las costas; y por otrosí, que se anotara la demanda en el Registro de la Propiedad, á lo que se accedió luego que por la representación de la demandanté se protestó pagar los daños y perjuicios que pudieran originarse con la anotación, la que se llevó á efecto en el Registro. de la Propiedad en once de Febrero de mil ochocientos noventa y ocho.

*Resultando* que conferido traslado de la demanda á los demandados Don Enrique Castaing y Postveint, Don Mariano Isidoro Clavell y Hurtado y Don Pedro Clausells y Armstrong, y citados y emplazados en forma para que comparecieran á contestarla, como no lo verificaran dentro del término legal que se les concedió, prévia la acusación de rebeldía por la parte actora, se declaró por contestada la demanda y que notificada que fuera esta providencia·á los rebeldes, continuara el juicio por todos sus trámites, y se le notificaran las providencias que recayeran en los estrados del Tribunal·

*Resultando* que abierto el juicio á prueba y practicadas las propuestas por la representación de la demandante, y corridos los demás trámites del juicio, dictó sentencia el Juez de 1ª Instancia de Ponce, en tres de Octubre de mil ochocientos noventa y ocho, por la que se declaró nulo el expediente posesorio promovido por Don Enrique Castaing sobre la casa y solar reseñados en la demanda, y nula también la inscripción que del mismo se habia hecho en el Registro de la Propiedad, la que debería cancelarse por lo que se refería á la mitad de dicha casa y solar; qúe también eran nulas las escrituras públicas que respecto á la mitad de dicha finca se habian otorgado, debiendo, por lo tanto, cancelarse las inscripciones en cuanto á la mitad, y quedar libre y·á disposición de Doña Fancisca Castaing la mitad del ya citado solar y casa, así como también la mitad de los demás bienes quedados al fallecimien-

to de Doña Teresa Clavell, con las costas al demandado Don Enrique Castaing y Postveint.

*Resultando*: que notificada esta sentencia personalmente á los demandados, y transcurrido el término legal sin haber interpuesto recurso alguno contra ella, á solicitud de la parte actora se inscribió dicha sentencia en el Registro de la Propiedad, se puso en posesión de la mitad de la casa y solar en cuestión á la demandante Doña Francisca Castaing y Soto, y se la dió á conocer á los inquilinos que la ocupaban, como dueña de la mitad de dicha casa.

*Resultando*: que denegada la solicitud presentada por Doña Amalia Rodríguez y Matos viuda de Renovales en su carácter de dueña y poseedora de la casa y solar expresados, para que se alzase la retención de la mitad de los alquileres decretada por el Juzgado, y se cancelasen las inscripciones de nulidad ordenadas por la sentencia, interpuso á su nombre el abogado Don Julio Padilla Iguina, ante el Tribunal del Distrito de Ponce, en 31 de Mayo de 1900, la demanda origen de este pleito, contra Doña Francisca Adelaida Castaing y Soto, asistida de su legítimo esposo Don Felix Crosas, Don Enrique Castaing y Postveint y Don Mariano Isidoro Clavell y Hurtado, en la que haciendo una relación circunstanciada de los antecedentes del pleito anterior, seguido por la Doña Francisca sobre la casa y solar objeto de la nueva demanda formulada por la Doña Amalia; y expresando además que dicha casa y solar los habia adquirido la demandante por escritura otorgada ante el Notario de Ponce Don Rosendo Matienzo Cintrón, en 19 de Enero de 1898, por compra hecha á Don Mariano Isidoro Clavell y Hurtado, quien á su vez la habia adquirido de Don Pedro Clausells y Armstrong, éste del mismo Don Isidoro, y éste primeramente de Don Enrique Castaing y Postveint, que la poseia como dueño desde el año 1864, en que la habia adquirido por compra á Don Isidoro Colon y Rivera y que careciendo de título escrito solicitó y obtuvo en 13 de

Enero de 1896, auto posesorio, que fué inscrito en el Registro
de la Propiedad, al folio 49, del tomo 194 del Archivo, libro 85
del Ayuntamiento de Ponce, inscripción 1ª; que no obstante
ser la escritura de Doña Amalia Rodriguez de fecha anterior
á los emplazamientos hechos á Don Enrique Castaing, Don
Mariano Isidoro Clavell y Don Pedro Clausells y Armstrong,
para que comparecieran á contestar la demanda que les pu-
siera la Doña Francisca Adelaida Castaing, no habia sido ci-
tada para el pleito la Doña Amalia, abandonando dichos de-
mandados su defensa y por consiguiente la de ella; que desde
el veinte de Junio del año anterior venia percibiendo Doña
Francisca Adelaida indebidamente la mitad de los alquileres
de la finca descrita en la demanda, á razón de veinte y dos pe-
sos con cincuenta centavos mensuales; que habiendo intentado
la conciliación con Don Enrique Castaing, Don Mariano Isi-
doro Clavell y Doña Francisca Adelaida Castaing, solo los
dos primeros habian comparecido al acto, allanándose á las
justas pretensiones de la demandante no así la Doña Adelaida,
que no compareció ni alegó justa causa para no hacerlo, y que
sin embargo, no fué condenada en las costas; que con arreglo
al artículo 4 del Código Civil eran nulos los actos ejecutados
contra lo dispuesto en la ley, y que lo que era nulo en su orí-
gen, lo era en sus consecuencias; que siendo nulo el acto de
arrogación concedido en la escritura de quince de Julio de mil
ochocientos ochenta y dos y el auto de tres de Noviembre de
mil ochocientos noventa y siete, era nulo el juicio que Doña
Fancisca Adclaida habia promovido sin personalidad bas-
tante para ello, nula la sentencia, y nulas las actuaciones prac-
ticadas para ejecutarla; que por la legislación antígua se exi-
gia para la arrogación de hijos, ya la real autorización ó
cuando menos, la aprobación judicial, de cuyos requisitos ca-
recia el acto de aquella clase verificado por los esposos Cas-
taing y Clavell, en favor de Doña Francisca Adelaida; que el
hijo arrogado, según la misma legislación antígua, heredaba

de la arrogante, cuando más, la cuarta parte de sus bienes, no la mitad, y por consiguiente Doña Francisca, aún suponiéndola heredera, no podía reclamar la mitad de la casa objeto de la demanda; que con arreglo al artículo 177 del Código Civil, el adoptado no adquiría derecho alguno á heredar fuera de testamento al adoptante, á menos que en la escritura de adopción se hubiera éste obligado á instituirle heredero, lo que no habia tenido lugar en el caso de autos; que las variaciones introducidas por el Código Civil, que perjudicaban derechos adquiridos, según la legislación civil anterior, no tenian efecto retroactivo, pero que según el artículo 657 del mismo Código, el derecho á la sucesión de una persona no se trasmitía, ni respectivamente, se adquiría, sino desde el momento de su muerte, por lo cual era obvio que para graduar el derecho de Doña Francisca Adelaida á la herencia de su madre adoptiva Doña Teresa, habia que atender al día de la muerte de ésta, ó sea al cinco de Mayo de mil ochocientos noventa y cinco, fecha en que regía ya el Código Civil, y aplicar la regla 12 de las transitorias del mismo, según la que, la herencia de los fallecidos, después de estar aquél vigente, se adjudicará con arreglo á las disposiciones del mismo cuerpo legal, y por lo tanto, si por un grave error jurídico, Doña Francisca Adelaida Castaing habia sido declarada indebidamente heredera única de su madre adoptiva Doña Teresa Clavell, esta declaratoria no podía favorecerle, ni perjudicar á Doña Adelaida, máxime cuando ella no habia sido parte en el pleito anterior, por cuyo motivo no podía tampoco perjudicarle la sentencia en él recaida; que con arreglo al artículo 1,461 del Código Civil el vendedor estaba obligado á la entrega y saneamiento de la cosa objeto de la venta y, según el 348 del mismo Código, el propietario tiene acción contra el tenedor y poseedor de la cosa para reivindicarla; que cuando se recibe alguna cosa sin derecho para reclamarla, y que por error ha sido indebidamente entregada,

surge la obligación de restituirla con sus frutos; que lo con-
venido por las partes en un acto de conciliación, cuyo interés
excediera de mil pesetas tenía el valor y eficacia de un con-
venio consignado en documento público y solemne; y que
cuando el citado para un acto de conciliación, no concurría á
él, sin manifestar justa causa, debían imponérsele las cos-
tas del juicio.   Por cuyos fundamentos de hecho y de derecho,
y ejercitando la acción de nulidad y la reivindicatoria, con-
cluyó solicitando se le admitiera la demanda que establecía
contra Doña Francisca Adelaida Castaing y Soto, represen-
tada por su legítimo esposo Don Felix Crosas, y contra Don
Enrique Castaing y Postveint y Don Isidoro Clavell y Hur-
tado, y que en su día si dichos demandados no se allanaban á
la demanda, se declarara, definitivamente juzgando, nulo el
auto de fecha tres de Noviembre de mil ochocientos noventa
y siete, que declaró á Doña Francisca, heredera abintestato
de su madre adoptiva Doña Teresa Clavell y Hurtado, y en su
consecuencia nulo también todo el juicio declarativo que
como tal heredera habia promovido en 18 de Enero de 1898 y
terminó por sentencia de tres de Octubre del mismo año, y
nulas las diligencias practicadas para la ejecución de la mis-
ma, especialmente la cancelación en cuanto á la mitad de la
inscripción 5ª. de la finca objeto de la demanda, condenándo-
los á reconocer como vigentes la inscripción de posesión de
toda esa finca á favor de Castaing y Postveint, ó sea la pri-
mera al folio 49 tomo 194 del Archivo, libro 83 del Ayunta-
miento de Ponce, y las sucesivas escrituras é inscripciones
respectivas de trasmisión del mismo inmueble, otorgadas
en veinte y cuatro de Febrero de 1886, 31 de Mayo de 1897,
y 19 de Enero de 1898, y condenando en particular á Doña
Francisca á restituir á Doña Amalia Rodriguez la mitad de
la finca urbana en cuestión, los alquileres percibidos como
frutos civiles de la misma, é intereses legales correspondien-
tes, desde el 20 de Junio del año anterior, y al pago de todas
las costas, inclusive las del acto de conciliación.

*Resultando*: que en unión de esta demanda acompañó el representante de la parte actora un testimonio de la escritura otorgada en Ponce ante el Notario Don Rosendo Matienzo Cintron, en 31 de Mayo de 1897, por la que Don Mariano Isidoro Clavell y Hurtado vendió á Don Pedro Clausells y Armstrong, en calidad de retro, y por el término de tres años, el solar y la casa de referencia que habia adquirido por compra á Don Enrique Castaing y Postveint, por escritura pasada ante el Notario Don Joaquin Mayoral, en 24 de Febrero de 1896; y otro testimonio de la escritura de 19 de Enero de 1898, otorgada en la misma Ciudad de Ponce, ante el Notario Don Rosendo Matienzo, por la que retrovendidos ya la casa y solar de que se trataba, por Don Pedro Clausells y Armstrong á Don Mariano Isidoro Clavell, la vendió éste á su vez á Doña Amalia Rodriguez, viuda de Renovales, en precio y cantidad de mil pesos, moneda corriente en aquella fecha, habiendo sido inscrita dicha escritura en el Registro de la Propiedad en cinco de Marzo del mismo año.

*Resultando*: que también se acompañó con la demanda una certificación librada por el Registrador de la Propiedad de Ponce, de la inscripción de posesión de la misma casa y solar á favor de Don Enrique Castaing y Postveint, y otra certificación del Secretario del Juzgado Municipal de Ponce, de fecha 18 de Mayo de 1900, de la que resulta que citados en conciliación por Doña Amalia Rodriguez, Don Enriqu Castaing, Don Mariano Isidoro Clavell y Doña Francisca Castaing y Soto, para que se avinieran á los declaraciones solicitadas en la demanda, comparecieron Don Enrique Castaing y el Don Mariano Clavell, que se allanaron á las peticiones de la demandante, no habiendo comparecido Doña Francisca Castaing, no obstante haber sido citada, con lo que se dió por concluido el acto.

*Resultando*: que conferido traslado de la demanda á los demandados Don Enrique Castaing y Postveint, Don Mariano

Isidoro Clavell y Doña Francisca Castaing y Soto, y citados
y emplazados para que comparecieran á contestarla dentro
del término legal, compareció el abogado Don Carlos Lopez
de Tord, á nombre de Doña Francisca Adelaida Castaing,
oponiéndose, é invocando los mismos antecedentes del pleito
anterior seguido por la Doña Francisca, y los pronunciamien-
tos que á su favor contenía la sentencia firme dictada en dicho
pleito, en fecha 3 de Octubre de 1898, por la que se habian
declarado nulos el expediente posesorio promovido por Don
Enrique Castaing Postveint sobre la misma casa y solar que
reclamaba la demandante Doña Amalia, y las escrituras de
venta de Don Enrique Castaing á Don Mariano Isidoro Cla-
vell y de éste á Don Pedro Clausells y Armstrong, y nulas
las inscripciones de dicho informativo y escrituras en el Re-
gistro de la Propiedad de la demandante Doña Francisca
Castaing, en su carácter de heredera de su difunta madre
adoptiva Doña Teresa Clavell, la mitad indivisa de la casa
y solar cuya propiedad le reclamaba en su nueva demanda
Doña Amalia, fundándose precisamente en aquellos mismos
títulos cuya nulidad habia sido declarada por la ejecutoria;
por cuyos fundamentos y los demas que estimó pertinentes
á su derecho concluyó invocando la excepción perentoria de
cosa juzgada y suplicando al Tribunal se le absolviera de la
demanda establecida por Doña Amalia Rodríguez Matos con
las costas á la demandante.

*Resultando*: que declarada por contestada la demanda en
rebeldía por los demandados Don Enrique Castaing y Post-
veint y Don Mariano Isidoro Clavell y Hurtado, por no ha-
ber comparecido á contestarla dentro del término de la cita-
ción y emplazamiento, continuó el juicio sus trámites, y agre-
gados en cuerda floja los autos del pleito anterior seguido
por Doña Francisca Castaing contra los mismos Don Enrique
Castaing y Postveint, Don Mariano Isidoro Clavell y Don
Pedro Clausells y Armstrong ,del que se ha hecho mérito en
los resultandos anteriores, y cuya agregación se solicitó en

calidad de prueba por ambas partes, y fué concedida por el Tribunal, y celebrado el juicio oral, dictó sentencia, por mayoría de votos, el Tribunal de Distrito de Ponce, en veinte y ocho de Noviembre de mil novecientos, por la que desestimándose la excepción perentoria de cosa juzgada, que alegó la demandada Doña Francisca Castaing, se declaró con lugar la demanda, excepto en cuanto á la nulidad del pleito ordinario anteriormente seguido, declarándose, en su consecuencia, nula la escritura de arrogación otorgada por los esposos Castaing en favor de Doña Francisca Adelaida Soto, ante el Notario Don Francisco Parra en 15 de Julio de 1882, nulo también el auto dictado en tres de Noviembre de 1893 (debió decir 97), por el extinguido Juzgado de Primera Instancia, que dió título de heredera de Doña Teresa Clavell á Doña Francisca Adelaida Soto, nula igualmente la inscripción hecha en el Registro de la Propiedad en favor de la Doña Francisca, en 16 de Junio de 1899, respecto á la mitad de la casa y solar objeto de la demanda; restableciéndose en todo su vigor las inscripciones anteriores de la misma finca, á favor de Don Enrique Castaing, Don Mariano Clavell y Doña Amalia Rodriguez, condenando á los demandados á reconocerlas vigentes; declarándose así mismo que Doña Francisca Adelaida Castaing de Crosas no tenía derecho á la propiedad ni á la posesión de la mencionada finca, condenándosela á restituir la mitad que detentaba á Doña Amalia Rodriguez con más los alquileres que hubiera percibido con el interés legal y al pago de las costas, inclusas las del acto de conciliación.

*Resultando*: que contra esta sentencia interpuso recurso de casación por infracción de ley la representación de Doña Francisca Adelaida Castaing, que le fué admitido, y elevados los autos á esta Superioridad, y subsanado el defecto advertido de la falta de notificación de la sentencia á los demandados rebeldes, Don Enrique Castaing y Don Mariano

Isidoro Clavell, y citados y emplazados en debida forma, comparecieron los abogados Don Manuel F. Rossy por la apelante Doña Francisca Adelaida Castaing, y Don José de Guzman Benitez por la apelada Doña Amalia Rodriguez Matos y sustanciado el recurso, que se declaró debia entenderse de apelación, con arreglo á la ley de la Asamblea Legislativa de esta Isla de 12 de Marzo de 1903, se señaló dia para la vista, cuyo acto se celebró sin la asistencia de los abogados defensores de las partes.

Abogado del·apelante: *Sr. Rossy, (Manuel F.)*

Abogado del apelado: *Sr. Guzman Benitez (José).*

Las otras partes apeladas no comparecieron.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando*: que habiéndose notificado á las partes la sentencia definitiva dictada en tres de Octubre de mil ochocientos noventa y ocho por el extinguido Juzgado de 1ª. Instancia de Ponce, en el pleito ordinario seguido ante él por Don Felix Crosas y Dalmau en representación de su esposa Doña Francisca Adelaida Castaing y Soto, como heredera única de su difunta madre adoptiva Doña Teresa Clavell y Hurtado, contra Don Enrique Castaing y Postveint, Don Mariano Isidoro Clavell y Don Pedro Clàusells y Armstrong, sobre nulidad de un expediente posesorio promovido por el Don Enrique Castaing, sobre una casa y solar radicados en la calle de la Aurora de aquella Ciudad y su inscripción en el Registro de la Propiedad y de las escrituras posteriores de trasmisión de dicho inmueble de Castaing al Don Mariano Isidoro Clavell y de éste á Don Pedro Clausells y Armstrong y declaratoria de dominio de la mitad indivisa de dicha finca urbana á favor de la demandante Doña Francisca Adelaida Castaing y Soto y por cuya sentencia se declaró en definitiva nulo el expediente posesorio de referencia .

y su inscripción en el registro, y nulas asímismo las escri-
turas públicas que respecto á la mitad de dicho inmueble se
habian otorgado por Castaing á favor de Clavell y Hurtado
y por éste á Don Pedro Clausells y Armstrong, debiendo can-
celarse sus inscripciones en el Registro de la Propiedad, en
cuanto á la mitad del expresado inmueble, y quedar libre, y á
disposición de Doña Francisca Castaing, la mitad indivisa de
los ya citados solar y casa, así como también la mitad de los
demás bienes quedados al fallecimiento de la Doña Teresa
Clavell, con las costas á cargo de Don Enrique Castaing, y
que no habiéndose interpuesto por los interesados recurso
alguno contra la expresada sentencia, quedó ésta consentida
y pasada en autoridad de cosa juzgada.

*Considerando*: que con arreglo á los principios procla-
mados por la jurisprudencia constante de los Tribunales de
Justicia, y sancionados por el antíguo y el moderno Código
Civil, para que la presunción de cosa juzgada surta efecto
en otro juicio es necesario que entre el caso resuelto por la
sentencia y aquél en que ésta sea invocada concurra la más
perfecta identidad entre las cosas, las causas, las personas
de los litigantes y la calidad con que lo fueron, y que se en-
tiende que hay identidad de personas siempre que los liti-
gantes del segundo pleito sean causa habientes de los que
contendieron en el pleito anterior, ó estén unidos á ellos por
vínculo de solidaridad, ó por los que establecen la indivisi-
bilidad de las prestaciones entre los que tienen derecho á
exigirlas ú obligación de satisfacerlas.

*Considerando, por tanto*: que hecha aplicación de estos
principios al caso de autos es indudable que entre el pleito
promovido últimamente ante el extinguido Tribunal del Dis-
trito de Ponce por Doña Amalia Rodriguez y Matos, contra
Doña Francisca Adelaida Castaing y Soto, Don Enrique Cas-
taing y Postveint y Don Mariano Isidoro Clavell y Hurtado
pendiente hoy de apelación ante este Tribunal Supremo y el

anterior resuelto por la ejecutoria de tres de Octubre de mil ochocientos noventa y ocho, existen las tres identidades que requiere la ley para que pueda alegarse con éxito en el segundo pleito la excepción de cosa juzgada, toda vez que la cosa objeto de ambos pleitos es la misma, idéntica la causa ó razón de pedir que en uno y otro pleito lo ha sido el dominio que ambas partes demandantes pretenden tener sobre la casa y solar objeto de sus reclamaciones, y alegando la Doña Amalia, parte actora en el segundo pleito, en apoyo de sus pretensiones, los mismos fundamentos que fueron objeto del anterior debate, y que fueron discutidos y resueltos por la ejecutoria en favor de la Doña Francisca Adelaida Castaing y existiendo además, entre el juicio fenecido y el pendiente, la identidad que se requiere en las personas de los litigantes, pues si bien Doña Amalia Rodriguez no fué parte en el pleito anterior, como sucesora y causa habiente que es de Don Mariano Isidoro Clavell, uno de los demandados vencidos en aquél juicio, le perjudica la sentencia en él recaida, que declaró nulos y de ningún valor los títulos de Don Mariano Isidoro Clavell, sobre la casa y solar en cuestión, que son precisamente los mismos que invoca la Doña Amalia en el pleito pendiente por ella promovido, con tanto mayor motivo, cuanto que, habiendo tenido ésta en los comienzos del pleito anterior, perfecto conocimiento de la demanda reivindicatoria interpuesta por Don Felix Crosas, en representación de su esposa Doña Francisca Adelaida Castaing, sobre la misma casa y solar objeto de sus reclamaciones, guardó silencio y se abstuvo de salir al juicio en defensa de sus derechos, como pudo hacerlo.

*Considerando* : que tampoco exime á Doña Amalia Rodriguez de los efectos de la ejecutoria, el artículo 34 de la Ley Hipotecaria vigente en esta Isla, según el que, "los actos ó contratos que se ejecuten ú otorguen por persona que en el registro aparezca con derecho para ello, no se invalidarán en

cuanto á tercero, una vez inscritos, aunque después se anule
ó resuelva el derecho del otorgante en virtud de título ante-
rior no inscrito, ó de causas que no resulten claramente del
mismo registro''; pues no teniendo Don Enrique Castaing y
Postveint, ni su sucesor Don Mariano Isidoro Clavell, ins-
crito el dominio de la casa y solar en cuestión, sino la mera
posesión de los mismos, no alcanza aquél beneficio á la Doña
Amalia, como tercera poseedora de dicha casa y solar, con
arreglo á la excepción contenida en el último párrafo del ya
citado artículo 34, según el que ''lo dispuesto en dicho artí-
culo no será aplicable en ningún tiempo, al título inscrito
con arreglo á lo prevenido en el artículo 390 á menos
que la prescripción haya convalidado y, asegurado el dere-
cho á que se refiere dicho título;'' de conformidad con lo es-
tablecido en el penúltimo apartado del artículo 394 de la
propia ley, al prescribir, ''que la inscripción de posesión no
perjudicará al que tenga mejor derecho á la propiedad del
inmueble, aunque su título no haya sido inscrito, á menos que
la prescripción haya convalidado ỹ asegurado el derecho ins-
crito,'' sobre cuyo último extremo nada se ha discutido, ni
se ha alegado por Doña Amalia Rodriguez, en el presente
pleito.

*Considerando* que con arreglo al artículo 1251 del antíguo
Código Civil, que corresponde al 1219 del vigente, contra
la presunción de que la cosa juzgada es verdad, solo será
eficaz la sentencia ganada en juicio de revisión lo que en los
presentes autos no se ha intentado probar que haya tenido
lugar, y que con arreglo á la jurisprudencia establecida por
los Tribunales de Justicia, son nulas las resoluciones que
contradicen, alteran ó modifican lo decidido en una sentencia
pasada en autoridad de cosa juzgada, por lo que la sentencia
pronunciada en estos autos, por el extinguido Juzgado del
Distrito de Ponce, en veinte y ocho de Noviembre del año de
mil novecientos, por la que se ha revocado en todas sus par-

tes la dictada en tres de Octubre de mil ochocientos noventa y ocho, en el pleito anterior, que quedó firme y ejecutoriada, debe ser anulada.

*Considerando,* por ultimo, respecto de los otros demandados en este juicio Don Enrique Castaing y Postveint y Don Mariano Isidoro Clavell y Hurtado, que habiendo sido partes en el pleito anterior, como demandados que quedaron vencidos en aquél juicio, están obligados al cumplimiento de la ejecutoria en él recaida, y carecen de recursos legales hábiles para alterar en lo más mínimo los derechos adquiridos á la sombra de aquella sentencia firme, por Doña Francisca Adelaida Castaing y Soto, por lo que también deben ser absueltos de la demanda, sin perjuicio de las acciones que puedan competirle contra ellos á la demandante Doña Adelaida Rodríguez, en razón al saneamiento de la venta de la casa y solar en cuestión, ó con motivo de los allanamientos hechos en su favor en el acto de conciliación y las que podrá ejercitar, en la forma y lugar que más viere convenirle.

Vistos los artículos del antíguo y del moderno Código Civil, y las demás disposiciones legales citadas en la presente sentencia; la regla 63 de la Orden General de 15 de Agosto de 1899 y las sentencias del Tribunal Supremo de Justica de España de 13 de Mayo de 1884, 1°. de Junio de 1886 y 1°. de Febrero de 1893.

*Fallamos*: que debemos declarar y declaramos nula la sentencia apelada de veinte y ocho de Noviembre de mil novecientos, dictada por el extinguido Tribunal del Distrito de Ponce en los presentes autos, y declarando con lugar la excepción de cosa juzgada alegada por Doña Francisca Adelaida Castaing, la absolvemos de la demanda así como á los demandados Don Enrique Castaing y Postveint y Don Mariano Isidoro Clavell y Hurtado con las reservas expresadas en el último Considerando de esta sentencia, y con las costas de la primera instancia á cargo dé la demandante Doña Ama-

lia Rodríguez Matos, debiendo entenderse las de esta segunda instancia, sin especial condenación.

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.